# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| Darren Keys, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No.: 8:09-2978-PMD |
| | ) | |
| v. | ) | |
| | ) | |
| John Owen, Warden FCI Williamsburg, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court upon Petitioner Darren Keys' ("Plaintiff") objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that this court dismiss Petitioner's petition without prejudice because he fails to assert a cognizable claim for relief pursuant to 28 U.S.C. § 2241. Having reviewed the entire record, including Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

## STANDARD FOR REVIEWING MAGISTRATE JUDGE'S R&R

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R. *Id.*

## ANALYSIS

Petitioner, a federal inmate at FCI Williamsburg, has filed with the court a petition pursuant to 28 U.S.C. § 2241 and a motion to "show cause why prison staff should not be preliminarily enjoined from freezing entire inmate trust account where deductions do not amount to 100%." In his petition, Petitioner alleges that "[t]he prison staff has violated [his] Fifth and Eighth Amendment rights by freezing [his] entire account despite there being only four payments owed to the courts for filing fees." It appears that Petitioner owes $62.20 in court fees, yet prison officials have frozen all of the money in his account because he has failed to pay the court fees. Accordingly, Petitioner claims that Respondent is unlawfully preventing him from accessing $58.57 in his account, and he asserts that this has prevented him from purchasing hygiene items, stamps, legal supplies, commissary food, and other items. He asks the court to limit the BOP's freeze on his account to the amount of money he owes in court fees. After reviewing the petition, as well as Petitioner's motion to show cause, the Magistrate Judge recommended the court summarily dismiss both of the pleadings, without prejudice, because Petitioner complains of the conditions of his confinement, which is not a cognizable claim pursuant to 28 U.S.C. § 2241.

In his objections, Petitioner contends that he is properly challenging the execution of his sentence under § 2241 because the court filing fees were incurred in actions associated with his sentence. To support his motion, he cites *United States v. Taylor*, 2008 U.S. Dist. LEXIS 54836 (E.D. Tenn. July 14, 2008). In *Taylor*, however, the prisoner challenged the way the BOP effected his restitution payments, which the prisoner was ordered to make as part of his sentence. Therefore, the court in *Taylor* instructed the prisoner to re-file his action pursuant to 28 U.S.C. § 2241 because he was challenging the BOP's execution of his sentence. In this case, Petitioner was not ordered to

pay court filing fees as part of his sentence; rather, he incurred those costs in collaterally attacking his sentence. Therefore, by complaining of how the BOP is freezing funds in his prison account, he is challenging a condition of his confinement rather than the execution of his sentence. *See United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) ("[C]hallenges to the execution of a federal sentence are properly brought under 28 U.S.C. § 2241.")

After reviewing the record, the court agrees with the Magistrate Judge, *see Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate."), and directs Petitioner to seek relief pursuant to a *Bivens* action. *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Moreover, Petitioner should be mindful of the administrative remedies available to him before he seeks relief again in this court. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Thus federal prisoners suing under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit.").

## CONCLUSION

Based on the foregoing, the court **DISMISSES** Petitioner's petition, without prejudice and without issuance and service of process upon Respondent, and **DENIES** his motion to show cause.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**March 31, 2010**
**Charleston, SC**